**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Wilton J. MORGAN, Jr., Defendant–Appellant.**

**No. 04–30998.
Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided June 29, 2006.

Camille Ann Domingue, Assistant U.S. Attorney, Kelly P. Uebinger, Assistant

---

U.S. Attorney, U.S. Attorney's Office Western District of Louisiana, Lafayette, LA, for Plaintiff–Appellee.

Joseph R. Streva, Jr., Federal Public Defender's Office Western District of Louisiana, Lafayette, LA, for Defendant–Appellant.

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM: *

Wilton J. Morgan, Jr., appeals his sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Morgan argues that the district court committed reversible error under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines. Because the district court at sentencing addressed *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), in the context of the Sentencing Guidelines, we review the district court's "Fanfan" error under the harmless error standard of review. *See United States v. Rodriguez,* 15 F.3d 408, 414 (5th Cir.1994); *see United States v. Rodriguez–Mesa,* 443 F.3d 397, 404 (5th Cir.2006). The Government has not shown beyond a reasonable doubt that the error was harmless. *See United States v. Walters,* 418 F.3d 461, 463–64 (5th Cir.2005). Accordingly, Morgan's sentence is vacated, and this case is remanded for resentencing.

Although Morgan has been released from custody, his *Booker*-based challenge

of his sentence is not moot. *See United States v. Johnson,* 529 U.S. 53, 60, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000) (recognizing that trial court may modify an individual's conditions of supervised release at any time after one year under 18 U.S.C. § 3583(e)(1) if warranted by conduct of defendant and interests of justice). We neither express nor intimate any view as to whether the terms of Morgan's supervised release should be modified.

The sentence is VACATED and case REMANDED FOR RESENTENCING.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.